## In re Opening of Ballot Box of Morris Township

*Jerome Hahn*, for petitioners.
*Dale E. Walker*, for respondent, Wilbert L. Rutan.

TERPUTAC, *J.*, March 30, 1992—Three petitioners, who are registered electors in Morris Township, Washington County, Pennsylvania, through their counsel, Jerome Hahn, presented on February 27, 1992, their petition to open the ballot box in the township concerning the general election held on November 5, 1991. At issue is the office of township supervisor. The nominees for the office of township supervisor were William P. Shriver and Wilbert L. Rutan. Morris Township has only one precinct. In Washington County the punchcard system of voting is used.

The instant petition to open the ballot box was presented to the court simultaneously with the petition for election contest at No. 92-1134. After the court rendered its decision on March 5, 1992, with respect to the election contest, the petitioners filed an appeal to that decision with the Commonwealth Court of Pennsylvania.

The sequence of events which occurred after the November 5, 1991 election is largely undisputed. The unofficial return of the local Election Board for Morris Township showed 172 votes for Rutan and 170 votes for Shriver. On November 25, 1991, the Election Board of Washington County informed Shriver by telephone that a tie vote of 172 votes had been discovered. The person calling on behalf of the Election Bureau also informed Shriver that because of the tie, Shriver and

Rutan would have to cast lots at the office of the Election Bureau on Tuesday, December 3, 1991.

The drawing of the lots took place on December 3 at noon. Both candidates were present and participated in the draw; Rutan won. The County Board of Elections made the final certification of votes cast and returns for offices in the election districts either on December 2 or December 3. The election records show that the final certification was made on December 2, 1991.

After argument before the court by counsel for the petitioners on the petition to open ballot box, we took this petition under advisement. By our order of March 2, 1992, we issued a rule on the Washington County Election Bureau and Wilbert L. Rutan, who was the winner for the office as the result of drawing lots to break a tie vote; the rule directed Rutan and the Election Bureau to show cause why the ballot box should not be opened and recounted. Immediately thereafter, the petitioners presented a motion for reconsideration of the order of March 2 and asked the court to decide the matter on March 5. By order dated March 5, 1992, the court denied the motion and directed that argument on the original petition to open be held as scheduled on Friday, March 13, 1992, at 11 a.m.

The question before the court is whether the petitioners on behalf of the losing candidate, William P. Shriver, are entitled to have the ballot box opened and the votes recounted for the office of township supervisor.

Under the authority of §3261 of the Election Code, the Act of June 3, 1937, P.L. 1333, Article XVII, §1701,

a petition to open the ballot box may be presented. This section provides as follows:

"(a) The court of common pleas; or a judge thereof, of the county in which any election district is located in which ballots were used, shall open the ballot box of such election district ... and cause the entire vote thereof to be correctly counted by persons designated by such court or judge, if three qualified electors of the election district shall file, as hereinafter provided, a petition duly verified by them alleging that upon information which they consider reliable they believe that fraud or error ... was committed in the computation of the votes cast for all offices or for any particular office or offices in such election district.... It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error which they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition."

Counsel for the petitioner contends that the court has no discretion in determining whether the box should be opened and the votes recounted. Moreover, he says that the time for filing a petition to open is not limited to five days after the completion of computation of all the returns under §3263; rather, the limitation is extended to four months, citing §3261 (f). This subsection states:

"(f) Ballot boxes may be opened under the provisions of this section at any time within four months after the date of the general ... election at which the ballots therein shall have been cast."

Reliance by the petitioners on *Chase Appeal,* 389 Pa. 538, 133 A.2d 824 (1957), is misplaced. There the Supreme Court said:

"The limitation in section 1703 [25 P.S. §3263(a)] provides that a petition must be presented *before certification* and *not later* than five days after the completion of the computation; it is the date of completion of the computation and not the date of certification which controls the time limitation for the presentation of this type of petition." 398 Pa. at 545, 133 A.2d at 827. (emphasis in original)

In our opinion, support for the petitioners' position cannot be found in *Koch Election Contest Case,* 351 Pa. 544, 41 A.2d 657 (1945). There, although the posted returns showed that Koch had been elected, the board erroneously certified Koch's opponent as the winner. Because the board had failed to comply with the Election Code about the posting of the returns, thus deceiving Koch and the public, Koch promptly and correctly moved to correct the fraud or error. In the matter before the court, no erroneous certification has been made.

Nor may the petitioners rely on *In re Recanvassing of Certain Voting Machines For the Election of Republican Candidate for County Commissioner in the November 1983 General Election,* 504 Pa. 593, 475 A.2d 1325 (1984). There, a petition to recanvass voting machines had been filed under the provisions of §1702, 25 P.S. §3262, which provides that voting machines may be recanvassed at any time within 20 days after the date of the primary or election. Further, §1703(a)(1), 25 P.S. §3262, states that any petition to open a ballot box or recanvass the votes on a voting machine shall be filed not later than five days after the completion of the canvassing of all returns of the county. The court held that although a petitioner has

20 days after the date of the election or primary to file a petition to recanvass, the petitioner still has five days after computation where the computational canvassing has taken longer than 20 days.

In the case before this court, the petitioners argue that by analogy they have either five days after the completion of the computation of the ballots in the county or four months under §3261(f). The cases are distinguishable. The case cited above dealing with voting machines stands for the principle that where the recanvassing takes longer than 20 days, the five-day period for a petition to recanvass does not begin to run until the recanvassing is completed—a logical conclusion.

In the case before us, the Canvass Board made its certification or completion of computation on all returns in the county on November 25, 1991. The five-day period in which to file a petition to open a ballot box began to run at that time. 25 P.S. §4263(a). The County Board of Elections made its final computation on December 2, 1991. Even assuming the five-day period would begin to run five days from the final computation, the petition is still untimely. If the computation of all returns had not been completed within four months of the general election, the *In re Recanvassing of Certain Voting Machines, supra,* would be analogous and the petitioners would have five days from the completion to file their petition. Under ordinary circumstances a petition to open a ballot box must be presented no later than five days after the completion of the computation and canvassing of all returns of the county. 25 P.S. §3263(a). If the petitioners had filed a timely petition for an election contest (within 20 days after

the election), we would be presented with a different problem. During an election contest, which might often take several months to bring to a close, a petition to open a ballot box must be filed in any event no later than four months from the election date. Subsection (f) permits petitioners a substantial amount of time to open a box where evidence secured during the election contest might warrant such action. However, in the absence of an election contest, the petitioners may not wait more than three months and then decide to file a petition to open the box.

Shriver knowingly participated in the casing of lots at the Election Bureau. He lost, and now he wants another chance at it. We hold that the petition to open the ballot box, presented more than three and one-half months after the election, where there is no pending election contest, is untimely, and the court has no discretion to assume jurisdiction and allow the box to be opened and recounted.

## ORDER

And now, March 30, 1992, the petition to open the ballot box of Morris Township and recount the votes for the office of township supervisor is denied and the petition dismissed with prejudice. It is further ordered and directed that the Washington County Election Bureau shall retain and sequester all documents and ballots relative to the general election in Morris Township until further order of court.